IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RAKIM WEST, INDIVIDUALLY AND ON
BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF ADRIANA BATIMON,
DECEASED**                                                                                                          **PLAINTIFF**

V.                                            CIVIL ACTION NO. 2:13cv173-KS-MTP

**FORD MOTOR COMPANY, THE ESTATE
OF DUSTIN L. WHITE, DECEASED, and
THE ESTATE OF JASMINE RUSSELL,
DECEASED**                                                                                                          **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendant Ford Motor Company's Motion to Dismiss [30]. For the reasons stated below, the Court finds that the motion should be granted in part and denied in part, and that the Plaintiff's claims should be dismissed without prejudice.

On October 22, 2013, the Court granted the motion of Plaintiff's counsel to withdraw. This Order [21] directed the Plaintiff Rakim West to obtain new counsel or advise the Court in writing by December 6, 2013, that he intended to proceed *pro se*. In addition, Plaintiff was notified that the case could be dismissed if he failed to respond to the Order by December 6, 2013, or otherwise failed to prosecute this case. Plaintiff failed to respond to the order or otherwise prosecute the case.

On January 14, 2014, the Court granted Ford Motor Company's ("Ford") Motion to Show Cause [24]. This Order [29] directed the Plaintiff to file a written statement with the Clerk of Court on or before January 28, 2014, setting forth why the case should not be dismissed for failure to comply with the Court's prior order. Plaintiff was further

directed to obtain substitute counsel or advise the Court in writing on or before January 28, 2014, that he intended to proceed *pro se*. Finally, Plaintiff was advised that his failure to respond could result in the action being dismissed without further notice. The Plaintiff failed to comply with this Order [29].

On February 10, 2014, Ford filed its Motion to Dismiss [30]. Ford argues that Plaintiff's claims should be dismissed with prejudice due to his delay in prosecuting the claims and failure to comply with the Court's Orders [21], [29]. One of Ford's Co-defendants, the Estate of Dustin L. White, has joined in Ford's request for dismissal. (*See* Joinder [34].)

The record in this case is clear that Plaintiff has failed to comply with two Court Orders, including an Order to Show Cause. In addition, Plaintiff has failed to respond to Ford's Motion to Dismiss [30] or otherwise prosecute this case since the Court permitted his legal counsel to withdraw. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.1988). The Court must be able to clear its calendar of cases that remain dormant due to the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious determination of actions. *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Based on the record in this action, the Court concludes that

dismissal under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and failure to comply with the orders of the Court is proper. *See Quaak v. Texas*, 515 Fed. Appx. 315, 316 (5th Cir. 2013) (affirming dismissal based on a *pro se* litigant's failure to prosecute and comply with a court order); *Larson*, 157 F.3d at 1032 (same).

The Court also determines that the dismissal of the Plaintiff's claims should be without prejudice. The Fifth Circuit has recognized "that dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995)). "[D]ismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citation and internal quotation marks omitted). Dismissal *without* prejudice is a lesser sanction in the Fifth Circuit. *See Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (citing *McCullough*, 835 F.2d at 1127). Assuming *arguendo* the existence of contumacious conduct on the part of Plaintiff West or a clear record of delay, the Court is unconvinced that the lesser sanction of dismissal without prejudice would prove futile or have no deterrent effect. Furthermore, the Court has not considered the merits of the Plaintiff's claims and there have been no substantive proceedings on the claims in this Court. *Cf. Davis v. Reece*, No. 4:10cv151, 2010 WL 5422612, at *1 (S.D. Miss. Dec. 23, 2010) (finding dismissal without prejudice to be appropriate where the defendant was not required to answer the complaint and the merits of the action went unaddressed).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Ford Motor Company's

Motion to Dismiss [30] is granted in part and denied in part.  Plaintiff's claims are dismissed without prejudice.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court is directed to mail the Plaintiff a copy of this order and the accompanying judgment at his address listed on the docket.

**SO ORDERED AND ADJUDGED** this the 17th day of April, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE